### LAVINA LYNCH v. C., C., C. & ST. L. RY. CO.

**1. CROSSINGS OVER RAILWAY TRACKS—SEC. 3324, REV. STAT.**

Under sec. 3324, Rev. Stat., a railroad company is liable for damages sustained in person or property in any manner by reason of the want or insufficiency of a crossing over its track.

**2. "CROSSING" RESTRICTED TO PART OVER TRACK.**

The word "crossing," as used in the section referred to, is used in a limited or restricted sense, and includes only that part of the structure immediately over the railway tracks and sufficient space on either side thereof to make a sufficient and safe way over the tracks.

**3. NOT LIABLE AS ABUTTING OWNER.**

A railway company, merely as owner of abutting lots and lands in a municipal corporation, is not liable for injuries to persons or property resulting from a defective sidewalk maintained on a street crossing its right of way.

**4. DIRECTING JUDGMENT ON PLEADINGS.**

Where the petition fails to state a cause of action against the defendant, it is not error for the court to refuse to receive evidence offered by the plaintiff on the trial and to give judgment for defendant on the pleadings.

HEARD ON ERROR.

DAY, J.

The plaintiff predicates her right of recovery in this case, upon the provisions of sec. 3324, Rev. Stat., which imposes several duties upon railroad companies at public crossings, and among other things provides as follows. * * * and before operating such road shall cause to be maintained at every point where any public road, street, lane or highway used by the public, crosses such railroad, safe and sufficient crossings, * * * and such company or person shall be liable for all damages sustained in person or property in any manner by reason of the want or insufficiency of any * * * crossing, * * * or any neglect or carelessness in the construction thereof, or in keeping the same in repair, etc.

The petition first filed alleged that the defendant company maintained a defective crossing or sidewalk over its railroad in the village of Mt. Victory, Hardin county, in May, 1897, at a point where the railroad crosses a street of said village. That the railroad company negligently and carelessly suffered said sidewalk or crossing to decay and become in a condition of disrepair, so that it was insufficient and unsafe as a crossing; and that on that day, the plaintiff, while lawfully traveling on said highway, walked on said sidewalk or crossing, and without fault on her part was seriously injured and permanently disabled, to her damage $5,000, for which sum judgment is prayed. An answer was filed denying negligence on the part of the railroad company, and alleging negligence of plaintiff contributing to her own injury. A reply denied contributory negligence of plaintiff and prayed as in the petition.

The alternative character of the averment in the petition, that the accident and injury occurred on the crossing or sidewalk, left the precise place of the accident uncertain; but an amendment to the petition set-

ting out the precise point of the casuality, makes it absolutely certain the plaintiff was not injured at a crossing over the railroad track or tracks, but was injured on a sidewalk, some distance from the railroad tracks, and at a point very near the north line of the railroad company's right of way. With the certainty, supplied by the amended pleading, that the scene of the accident and injury was not upon the crossing over the tracks of the railroad, but upon a sidewalk some distance from the tracks, the cause came on for trial, whereupon the court, on motion, excluded all evidence on the part of plaintiff offered to maintain the plaintiff's contention; and also, on motion, gave judgment on the pleadings in favor of the defendant, dismissing plaintiff's petition and requiring her to pay the costs.

The plaintiff prosecutes error here, and assigns the action of the lower court as erroneous.

If the plaintiff in the petition and amendment thereto has stated a good and sufficient cause of action, making the defendant railroad company liable for an injury resulting from the company's negligent breach of duty to plaintiff, then the summary disposition of the case by the lower court was unwarranted, and must of necessity be reversed. It would be otherwise, however, if the petition showed no liability of the railway company.

It has been held by this court, in Sammins v. Wilhelm, 3 Circ. Dec., 587, that there is no duty resting on an abutting land or lot owner to keep a street in a safe condition for the public travel, and that such owner is not liable for an injury resulting from a defective sidewalk, even though such owner omitted and neglected to keep the same in repair. That duty is cast upon the municipal corporation in which the defective walk is situate, and the corporation, if negligent, is liable for such injury. Of the same import and in furtherance of the doctrine, is Wilhelm v. Defiance (City), 58 Ohio St., 56, where it is held that a municipality cannot recover from a lot owner indemnity on account of a judgment recovered against it for injuries occasioned by such owner's active negligence in the construction of the walk.

So it seems to be definitely settled as the law of this state, that no recovery can be had in favor of any one, against an abutting owner on account of a defective sidewalk. The rule is different, however, in the case of a defective crossing over a railroad; for sec. 3324, Rev. Stat., expressly provides, in such case, that the railway company shall be liable. The important question, therefore, in this case is: Did the accident occur by reason of a defective sidewalk, or on account of a deficient crossing; or rather, was the immediate place of the accident on a crossing or on a sidewalk?

Section 3324, Rev. Stat., requires a railway company to construct "safe and sufficient crossings," and makes the company liable "for all damages sustained in person or property in any manner, by reason of the want or insufficiency of any such * * * crossing," while sec. 3337-3, Rev. Stat., makes it the duty of such company to construct "crossings" and also "sufficient sidewalks on both sides of streets intersected by their roads" but does not impose liability for damages resulting from omission to construct sidewalk or for insufficiency of construction. From a reading of the two sections, it seems apparent it was the legislative intent to distinguish if that was necessary, between a crossing and a sidewalk. The two are not treated as identical, but as

entirely distinct. Crossings, only, are referred to in the one section, while crossings and also sidewalks, are mentioned in the other, from which fact, and from other considerations suggested on a reading of this part of the railway statutes, we conclude the word, "sidewalk," is used in its broadest and most general sense, while the word "crossing," is used in a limited and restricted one, and was intended to include only that part of the structure immediately over and across the railroad track or tracks, and sufficient space on either side to make a proper and sufficient way across such track or tracks. If this is correct it would seem to follow that all of the structure, other than the immediate crossing, would be "sidewalk," while only that part immediately over and across the tracks would be "crossing," within the meaning of sec. 3324, Rev. Stat.

If this reasoning is not at fault, then, in view of the decisions noticed, to entitle the plaintiff to recover, to enable her to state a cause of action for damages against the railway company in this case, it would be necessary for her to show in her petition and prove on the trial, that the accident and injury to her occurred on the crossing on the structure immediately over the railroad tracks, and was occasioned by the failure to maintain there a sufficient and safe crossing. This was not done; and on the contrary, the amendment to the petition stating the precise point where the accident occurred, as I have said, makes it absolutely certain the injury was not occasioned on, or by reason of an unsafe crossing maintained by the defendant company, but that it did occur on and by reason of a defective sidewalk, for which the defendant company, as abutting owner merely, was and is not liable.

The petition, with the amendment, did not state a cause of action against the defendant; and it was not error for the court to decline to receive evidence offered on the trial, nor to give judgment for defendant on the pleadings. The judgment is affirmed with costs.

*Phil. M. Crow*, for plaintiff.

*Geo. E. Crane*, for defendant.